IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RUSTY HILLIARD, #1827606, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL CASE NO. 3:18-CV-842-K-BK |
| § | |
| TEXAS COURT OF CRIMINAL § | |
| APPEALS, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for judicial screening. The Court granted Petitioner's motion to proceed *in forma pauperis*, but did not issue process. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I.   BACKGROUND**

On April 5, 2018, Rusty Hilliard ("Hilliard"), a *pro se* state inmate, filed a *Motion for Mandamus* against the State of Texas and the Texas Court of Criminal Appeals. Doc. 3 at 1. He complains about the denial of his state habeas application and avers that it "remains unclear if [he] should receive 476 days of time before 'blue' warrant was issued." Doc. 3 at 1-2; *Ex parte Hilliard*, No. WR-86,493-02 (Tex. Crim. App. 2018). Hilliard, requests the Court to "direct . . . the Court of Criminal Appeals to grant applicant 476 days of time [he previously] spent in confinement." *Id.*

## II.  ANALYSIS

Hilliard's *Motion for Mandamus* is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or fails to state a claim.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under this most liberal construction, however, the *Motion for Mandamus* is frivolous and fails to state a claim.

Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought.  *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam).  Here, the *Motion for Mandamus* can be construed only to seek mandamus relief against the judges of the Texas Court of Criminal Appeals by compelling them to grant Hilliard 476 days of credit for time served.  Accordingly, Hilliard's request for mandamus relief lacks merit and should be dismissed with prejudice as frivolous and for failure to state a claim.  *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their

duties); *Peters v. Tex. Court of Criminal Appeals*, 547 F. App'x 557, 558 (5th Cir. 2013) (per curiam) (affirming dismissal of mandamus petition against the Court of Criminal Appeals for failure to state a claim).

### III.   LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein, Hilliard's claim is fatally infirm. Under these circumstances, granting leave to amend would be futile and cause needless delay.

### IV.   CONCLUSION

For the foregoing reasons, the *Motion for Mandamus* should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on September 11, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE